**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 22-1462

---

MAJDOLEEN A. KHATTAB, Administrator, Estate of Affan Mohamad Khattab, Deceased,

       Plaintiff - Appellant,

    v.

BERKLEY REGIONAL INSURANCE COMPANY; INTEGON GENERAL INSURANCE CORPORATION,

       Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:21-cv-00789-HEH)

---

Submitted:  April 26, 2023                    Decided: October 19, 2023

---

Before DIAZ, Chief Judge, GREGORY, Circuit Judge, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Bradley P. Marrs, MARRS & HENRY, Richmond, Virginia, for Appellant. Robert F. Friedman, HARMAN CLAYTOR CORRIGAN & WELLMAN, Glen Allen, Virginia, for Appellee Berkley Regional Insurance Company.  Jeremy S. Tishler, LEVINECARITA, Alexandria, Virginia, for Appellee Integon General Insurance Corporation.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Majdoleen A. Khattab, Administratrix of the Estate of Affan Mohamad Khattab, ("Appellant" or "the Estate"), appeals the district court's order denying the Estate's motion for summary judgment, granting summary judgment for Berkley Regional Insurance Company and Integon General Insurance (collectively, "the insurers"), and entering an order of declaratory judgment in favor of the insurers. Finding no error, we affirm.

## I.

"We review a district court's grant of summary judgment de novo." *Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328, 342 (4th Cir. 2023). In so doing, we apply the same legal standards as the district court and view all facts and reasonable inferences in the light most favorable to the nonmoving party. *T-Mobile Ne. LLC v. City Council of Newport News*, 674 F.3d 380, 384–85 (4th Cir. 2012). Under Federal Rule of Civil Procedure Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II.

Because the parties filed joint stipulations of all relevant facts, there are no disputed facts. At issue is an insurance policy issued by Berkley Regional Insurance Company. The policy has a general liability limit of $1,000,000 and an uninsured motorist coverage limit of $70,000. This case solely turns on the legal question of what the relevant coverage limit under the insurance policy is for an accident caused by a motorist whose insurance

2

coverage is less than the amount of claimed damages and less than the amount of the general liability limit, but greater than the amount of the uninsured motorist coverage limit.

Virginia Code § 38.2-2206 mandates that an insurance policy's uninsured motorist coverage limits must match the policy's liability limits "unless any one named insured rejects the additional uninsured motorist coverage by notifying the insurer as provided in subsection B of § 38.2-2202." Va. Code Ann. § 38.2-2206(A) (2022). Section 38.2-2202 in turn provides specific language that a legally adequate notice from the insurer to the insured must include and what the insured must do to reduce the coverage limit. *Id.* § 38.2-2202(B). There is no dispute that Berkley complied with the notice requirement for "uninsured/underinsured coverage limits" pursuant to the statute. There is also no dispute that the insured properly limited the *uninsured* coverage to $70,000.

> With respect to *underinsured* coverage, § 38.2-2206 provides that the policy
>
> shall also provide underinsured motorist insurance coverage with limits that shall be *equal to the uninsured motorist insurance coverage limits* and shall obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle to the extent the vehicle is underinsured.

*Id.* § 38.2-2206(A) (emphasis added). A notice requirement and reduction provision for underinsurance only applies if the policy seeks to "reduce any underinsured coverage payments by the bodily injury liability or property damage liability coverage available for payment." *Id.*

On its face, Appellant's argument is straightforward. Appellant argues that because the document through which the insured reduced the coverage limit is titled "Virginia Selection of Lower *Uninsured* Motorists Coverage Limits," and repeatedly references

3

"uninsured motorist" coverage, while using the term "underinsured" only once, that document only reduced the insured's *uninsured* motorist coverage limit. Therefore, Appellant argues, the *underinsured* coverage limit remained at $1,000,000, equal to the policy's general liability limit.

Appellant is correct that the insurance policy does not alter underinsured coverage from the statutory default. But Appellant overlooks that the statutory default sets underinsured motorist coverage equal to *uninsured* motorist coverage, not the policy's general liability limit. *See* Va. Code Ann. § 38.2-2206(A) (stating that underinsured motorist coverage "shall be equal to the *uninsured* motorist coverage limits" (emphasis added)). Because the uninsured motorist coverage was properly limited to $70,000, and the policy does not provide for underinsured motorist coverage different from the statutory default, the district court correctly concluded that the applicable coverage limit is $70,000.

## III.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4